PS3-040                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1701
_____

EDWIN MAURICIO SERRANO VILLA,
a/k/a
JOHN RUIZ

Edwin Mauricio Serrano Villa,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A090-679-665)
Immigration Judge:  Honorable Dorothy A. Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 10, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edwin Mauricio Serrano Villa, a citizen of Colombia, claims that he entered the United States in 1984, when he was around 10 years old. He adjusted his status to lawful permanent resident in 1990. In 2008, Serrano Villa was convicted in New Jersey state court of possession and distribution of cocaine. The Government charged Serrano Villa with removability for having committed an aggravated felony as defined in Immigration and Nationality Act (INA) § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)] (illicit trafficking in a controlled substance), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. Serrano Villa conceded his removability but sought asylum, withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal.

An Immigration Judge (IJ) concluded that Serrano Villa's convictions rendered him ineligible for asylum and withholding of removal, and granted the Government's motion to pretermit Serrano Villa's application for cancellation of removal because he had been convicted of an aggravated felony. The IJ also denied Serrano Villa's application for CAT relief, holding that his claim was based on a "series of suppositions" that, because he will be perceived as a wealthy American, he will be a target for criminal activity or recruited by criminal organizations. Serrano Villa appealed, challenging only the denial of CAT relief. The Board of Immigration Appeals (BIA or Board) dismissed the appeal, stating that it found "no clear error in the [IJ's] conclusion that the record

2

does not indicate that it is more likely than not that [Serrano Villa] will face torture upon his return to Colombia." Serrano Villa filed a petition for review.

We generally lack jurisdiction to review a final order of removal against an alien, like Serrano Villa, who is removable for having committed a criminal offense covered in INA § 237(a)(2)(A)(iii) or § 237(a)(2)(B). See INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. We retain jurisdiction, however, to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005); see also INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)].

Serrano Villa argues that the IJ erred in concluding that he had not carried his burden of establishing that each factual predicate in his CAT claim was more likely than not to occur. What is likely to happen to Serrano Villa if he is removed to Colombia is a factual inquiry that is outside this Court's jurisdiction. See Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010); see also Green v. Att'y Gen., 694 F.3d 503, 506 (3d Cir. 2012) (holding that Court lacks "jurisdiction to review factual findings underlying a removal order against an alien who has committed a controlled substance offense"). Therefore, we may not review Serrano Villa's primary allegation, namely, that he sufficiently established that he will be perceived as a wealthy American and that such a perception will result in his kidnapping or targeting for criminal activity.

We can review, however, Serrano Villa's claim that the Board should have reviewed de novo, rather than for clear error, the IJ's factual finding regarding the

3

likelihood of future events.  See Pareja v. Att'y Gen., 615 F.3d 180, 187-88 (3d Cir. 2010) (holding that Court has jurisdiction to review whether the BIA applied the correct legal standard).  In Kaplun, we stated that the BIA "is free to revisit the underlying facts (including the likelihood of future events), but it must do so under the clearly erroneous standard that applies to facts."  Kaplun, 602 F.3d at 272.  Serrano Villa "acknowledges that Kaplun supplies the governing law in this appeal[,]" but "disagrees" with that decision.  Such disagreement is not grounds for relief here, however, because en banc consideration is required to overrule the precedent of a prior Panel.  See 3d Cir. I.O.P. 9.1; In re Merck & Co. Sec. Litig., 432 F.3d 261, 274 (3d Cir. 2005).

For the foregoing reasons, we will dismiss the petition for review in part and deny it in part.